IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JORGE LUIS GARCIA, )
 )
      Petitioner, )
 )
vs. ) Case No. 14-CV-487-JED-TLW
 )
ROBERT C. PATTON, Director,[1] )
 )
      Respondent. )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations and supporting brief (Doc. 7 and 8, hereafter collectively the Motion). Petitioner, a state inmate represented by counsel, filed a response (Doc. 9) to the Motion. For the reasons discussed below, Respondent's Motion shall be granted and the petition shall be dismissed with prejudice.

### *BACKGROUND*

The record reflects that at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2009-5850, Petitioner Jorge Luis Garcia was convicted of one count of Child Sexual Abuse and one count of Lewd Molestation of a Minor. On December 21, 2010, the trial judge sentenced Petitioner, in accordance with the jury's recommendation, to life imprisonment on each count, to be served concurrently. Petitioner was represented at trial by attorney Christopher Cooley.

---

[1]Petitioner is in custody at a private prison in Oklahoma. Under Rule 2(a), *Rules Governing Section 2254 Cases*, the proper party respondent is Robert C. Patton, the Director of the Oklahoma Department of Corrections. Therefore, Robert C. Patton, Director, shall be substituted for Hector Rios, Warden, as the proper party respondent in this action. The Clerk shall note the substitution on the record.

Represented by attorneys James M. Wirth, Charles J. Kania, and Zachary A. Waxman, Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed March 29, 2012, in Case No. F-2010-1225, the OCCA affirmed the Judgment and Sentence of the trial court. *See* Doc. 8-1. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On June 28, 2013, Petitioner, represented by attorney Keith O. McArtor, filed an application for post-conviction relief. *See* Doc. 8-2. By order filed April 10, 2014, the state district court denied post-conviction relief. *See* Doc. 8-3. Thereafter, Petitioner perfected a post-conviction appeal to the OCCA. By order filed July 28, 2014 (Doc. 8-4), in Case No. PC-2014-406, the OCCA affirmed the denial of Petitioner's application for post-conviction relief.

On August 20, 2014, Petitioner filed his federal petition for writ of habeas corpus (Doc. 1). Petitioner is again represented by Mr. McArtor. In his petition, Petitioner raises claims of ineffective assistance of trial and appellate counsel. *Id.* at 3. In response to the petition, Respondent filed the dismissal Motion and supporting brief (Doc. 7, 8), arguing that the petition is time barred.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. *See* § 2244(d)(2).

Petitioner challenges the validity of his convictions and sentences by claiming he received ineffective assistance of trial and appellate counsel. The one-year limitations period applicable to those claims began to run, under 28 U.S.C. § 2244(d)(1)(A), when his convictions became final. Petitioner's convictions became final on June 27, 2012, after the OCCA denied relief on March 29, 2012, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on June 28, 2012, and, absent a tolling event, a federal petition for writ of habeas corpus filed after June 28, 2013, would be untimely. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Petitioner commenced this action on August 20, 2014, or almost fourteen (14) months beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Here, the limitations period was tolled, or suspended, during the pendency of a "properly filed" post-conviction proceeding. 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226

(10th Cir. 1998). On June 28, 2013, the last day of the one-year limitations period, Petitioner filed his application for post-conviction relief. After the state district court denied the application, Petitioner perfected a post-conviction appeal. The OCCA affirmed the denial of post-conviction relief on July 28, 2014. Therefore, Petitioner is entitled to tolling of the limitations period from June 28, 2013, when he filed his application, through July 28, 2014, when the OCCA entered its order affirming the denial of post-conviction relief. Because Petitioner filed his application for post-conviction relief on the last day of the one year limitations period, he had to file his federal petition for writ of habeas corpus on July 29, 2014, the day after OCCA's ruling, to be timely. As noted, Petitioner did not file his habeas petition until August 20, 2014. Thus, Petitioner's filing is twenty-two (22) days out of time.

In his response (Doc. 9) to the Motion, Petitioner requests that the Court overlook the time constraints imposed by AEDPA because "[i]t would be not only unjust but inequitable to grant Respondent's Motion to Dismiss and deny Petitioner any relief for the gross injustices he faced at the drop of a hat." *Id.* at 3. However, the § 2244(d) statute of limitations is strictly enforced. As explained by the Supreme Court,

> Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. Any less rigid standard would risk encouraging a lax attitude toward filing dates. A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day.

*United States v. Locke*, 471 U.S. 84, 100-01 (1985) (internal quotation omitted). Thus, even if Petitioner's petition had been only one day late, it would still be dismissed as time barred.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. *See Miller*, 141 F.3d at 978; *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th

4

Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Id.* (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner argues that he has been pursuing his rights diligently. However, even if waiting until the last day of the federal limitations period to file his application for post-conviction relief in the state district court qualifies as diligence, Petitioner does not allege the existence of an extraordinary circumstance that prevented him from filing a timely habeas petition. Petitioner has not shown that his "failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Therefore, Petitioner is not entitled to equitable tolling and his petition for writ of habeas corpus shall be dismissed as untimely.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Robert C. Patton, Director, is substituted for Hector Rios, Warden, as the proper party respondent in this action. The Clerk shall note the substitution on the record.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Doc. 7) is **granted**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

ORDERED THIS 28th day of May, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE